IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAKSHMI ARUNACHALAM,<br><br>Plaintiff,<br><br>v.<br><br>FULTON FINANCIAL CORPORATION,<br><br>Defendant. | C.A. No. _____<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Dr. Lakshmi Arunachalam hereby files this complaint for patent infringement against Fulton Financial Corporation and alleges upon information and belief as follows:

### PARTIES

1. Plaintiff, Dr. Lakshmi Arunachalam, resides at 222 Stanford Avenue, Menlo Park, California 94025.  Plaintiff has provided innovative software products, services and solutions that enable distributed transaction processing and control over public and private networks, including, without limitation, the Internet and the World-Wide Web through Pi-Net International, Inc. and other companies that she had founded.

2. The patent asserted here was issued to Dr. Arunachalam based on an application having a priority date of 1995.  The patent discloses the fundamental technology underlying Web commerce and other online services over the Web by use of Web applications.  The examples of the pioneering technology in her patent were directed to online banking and other financial services on the Web which are the same as in the Defendant's accused systems.

3.     Defendant Fulton Financial Corporation ("Fulton") is a bank holding company organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at One Penn Square, P. O. Box 4887, Lancaster, Pennsylvania. Fulton has banking offices in Pennsylvania, Maryland, Delaware, New Jersey and Virginia through the following affiliates: Fulton Bank, N.A., Lancaster, PA; Swineford National Bank, Middleburg, PA; Lafayette Ambassador Bank, Easton, PA; FNB Bank, N.A., Danville, PA; Fulton Bank of New Jersey, Mt. Laurel, NJ; and The Columbia Bank, Columbia, MD. Fulton resides in this judicial district and transacts business throughout the State of Delaware, including this judicial district.

## JURISDICTION AND VENUE

4.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over the Defendant by virtue of its presence and business activities within this judicial district. Fulton has transacted business and committed acts of infringement within the State of Delaware and within this District, and is subject to the personal jurisdiction of this Court. The Court has personal jurisdiction over Fulton has purposefully availed itself of the privileges of conducting business in the State of Delaware and has sought the protection and benefits of the laws of the State; and regularly conducts business within the State of Delaware; and Plaintiff's cause of action arise directly from Defendant's business contacts and other activities in the State of Delaware.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## BACKGROUND

7. On September 18, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,271,339 ("the '339 Patent"), entitled "Method And Apparatus For Enabling Real-Time Bi-Directional Transactions On A Network," to Dr. Lakshmi Arunachalam. Plaintiff is the owner of all rights, title, and interest in the '339 Patent, including the right to recover damages for past infringement. A copy of the Patent is attached to the Complaint as Exhibit A.

8. Fulton owns 100% of the common stock of six community banks. Fulton provides online services via electronic means accessible through several websites, which include, but are not limited to the sites that can be originated from http://www.fultonbank.com, which shows to be operated by Fulton for its subsidiaries. These sites can be accessed from stationary personal computers or from mobile devices such as laptop computers, smartphones and tablets. Upon accessing these sites, the clients or customers of Defendant and/or Defendant's subsidiaries have access to checking accounts, savings accounts, CDs, installment loans, home equity loans, lines of credit and mortgages; and can, for example, review transaction history, monitor account balances and transfer funds, make payments, including eBills, request a check cancellation. Fulton's website also offers online brokerage services to clients or customers of Fulton Financial Advisors through Raymond James Financial Services, Inc. Through Fulton Mobile Banking, the customers or clients can review bank transactions, transfer funds, pay bills and access an ATM/Office locator.

9. Defendant provides the above and other services by way of a computer-implemented method for delivering Point-of-Service applications to a multi-media device over the World Wide Web, where the method comprises:

providing a Web server in communication with a Web merchant's on-line Web application and a database;

communicating a Web page for display on a multi-media device, where the Web page comprises a graphical user interface configured to generate a list of multiple Point-of-Service applications which may be accessed by the user over the Web and to accept user input;

allowing the user to select an on-line Point-of-Service application displayed on the Web page on the multi-media device;

instructing a Web server to hand over a request by the user to access the Web merchant's on-line service Web application available through the Point-of-Service application, said Web merchant's on-line service Web application available over the Web and in communication with the Web merchant's database;

maintaining an open connection over the Web until the user's transaction with the on-line Web application is complete;

delivering said particular Point-of-Service application in real-time to the multi-media device across a service network over the Web; and

performing a real-time non-deferred bidirectional Web transaction requested by the user,

where the Point-of-Service application is a banking application that operates to connect to a financial institution over the Web.

10. Defendant provides the cited services and practices the above methods by making and using a Web application on line service network portal which is offered to the public for delivering Web applications to a multi-media device, where the portal comprises a non-transitory computer storage device having stored thereon executable instructions that, when executed by one or more processors of a computer system, implement a method for:

delivering a Point-of-Service application interface on a Web page by the Web merchant to expose to an online services offered by the Web merchant as a Web application, said Web application including at least one object comprising information entries and attributes, wherein the object exposes one or more objects of a line of Web applications to the user;

providing said Point-of-Service application interface to allow a user to access the Web application from the Web application on-line service network portal offered by the Web merchant, delivering Web applications to the multi-media device;

connecting to the Web application on-line service, allowing the Web application on-line service client user access to the Web application on-line service; and

maintaining the connection open until the Web application on-line service client user's real-time Web transaction with the Web application on-line service is complete so that the user may perform a real-time, non-deferred, bidirectional transaction on the Web.

## COUNT I
(Infringement of the '339 Patent)

11. Plaintiff incorporates and realleges paragraphs 1- 10.

12. Defendant directly infringed and is continuing to infringe at least claims 5 and 12 of the '339 Patent by practicing without authority the method of claim 5, and by making and using without authority the computer storage device of the Web application on line service network portal of claim 12 maintained on servers located in and/or accessible from the United States under Defendant's control.

13. Defendant's infringement has injured Plaintiff. Accordingly, Plaintiff is entitled to recover damages adequate to compensate her for such infringement, but in no event less than a reasonable royalty, and an injunction to prohibit further infringement of the '339 Patent or future compensation for use of the inventions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this Court to enter judgment against Fulton and against Fulton's subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.     An award of damages adequate to compensate Plaintiff for the infringement that has occurred, together with prejudgment interest from the date infringement of the '339 Patent began;

B.     An award to Plaintiff of all remedies available under 35 U.S.C. § 284;

C.     An award to Plaintiff of all remedies available under 35 U.S.C. § 285;

D.     A permanent injunction under 35 U.S.C. § 283 prohibiting further infringement of the '339 Patent, and, in the alternative, in the event injunctive relief is not granted as requested by Plaintiff, an award of a compulsory future royalty; and

E.     Such other and further relief as this Court or a jury may deem proper and just.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

/s/   *George Pazuniak*
George Pazuniak, Esq. (Del. Bar No. 478)
O'KELLY ERNST & BIELLI, LLC
901 N. Market St.
Suite 1000
Wilmington, DE 19801
Telephone: 302-478-4230
E-mail: GP@del-iplaw.com

*Attorney for Plaintiff*
*Dr. Lakshmi Arunachalam*