## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAKSHMI ARUNACHALAM, | |
| **Plaintiff,** | C.A. No. 1:13-cv-01333-RGA |
| v. | |
| FULTON FINANCIAL CORPORATION, | |
| **Defendant.** | |

| | |
|---|---|
| LAKSHMI ARUNACHALAM, | |
| **Plaintiff,** | C.A. No. 1:13-cv-01347-RGA |
| v. | |
| ALLY FINANCIAL INC.<br>and<br>ALLY BANK, | |
| **Defendants.** | |

**PLAINTIFF'S MOTION TO DISMISS COMPLAINTS**
**PURSUANT TO F.R.CIV.P. RULE 41(a)(2)**

Plaintiff, Dr. Lakshmi Arunachalam, hereby respectfully moves the Court, pursuant to

F.R.Civ.P. Rule 41(a)(2), to dismiss the Complaints in the above-captioned cases.

Plaintiff has consulted with the respective counsel for the above Defendants, who have

refused to stipulate to the dismissals pursuant to F.R.Civ.P. Rule 41(a)(1).

Plaintiff's voluntary dismissal of the above cases should be granted.  "When a plaintiff

moves for a dismissal without prejudice under Rule 41(a)(2), the decision to dismiss with

prejudice or without is left to the discretion of the court." *Mobil Oil Corp. v. Advanced Envtl.*

*Recycling Technologies, Inc*., 203 F.R.D. 156, 157 (D. Del. 2001).  The motion "should be

granted absent substantial prejudice to the defendant." *Id*. 203 F.R.D. 157-158.

The Defendants will not be prejudiced, much less substantially.  Thus, this Court has

previously analyzed the prejudice component as follows:

> Ordinarily, a court should grant a Rule 41(a)(2) dismissal unless the defendant
> will suffer plain legal prejudice. … In determining prejudice, a court should
> consider 1) "any excessive and duplicative expense of a second litigation; 2) the
> effort and expense incurred by a defendant in preparing for trial; 3) the extent to
> which the pending litigation has progressed; and 4) the claimant's diligence in
> moving to dismiss."

*Reach & Associates, P.C. v. Dencer*, 2004 WL 253487 (D. Del. 2004) (internal citations

omitted).

As to the factors 1, 2 and 3, there has not been "any excessive and duplicative expense of

a second litigation," no preparation for trial, and the litigation has not progressed beyond initial

pleadings.  This motion is being filed before the scheduling conference, and where Defendants

have only filed an Answer and Counterclaims.  The one pleading by each party does not

constitute prejudice.  The pending cases each involved only a single patent, each of which has

now been assigned to Pi-Net International Inc., and the same patents have now been asserted by

Pi-Net International Inc.[1]  Even though another Answer (and potentially counterclaims) will be

due in the Pi-Net cases, the situation is no different than responding to a common amended

pleading in a case.  Indeed, the filing of the new case evidences lack of prejudice.  In *Reach*, the

Court stated that "Plaintiffs filed a 'virtually identical case against defendants in the Central

---

[1]   The cases are, respectively, Pi-Net International Inc. v. Ally Financial Inc. et al, Case
Number: 1:14-cv-00489-RGA; and Pi-Net International Inc. v. Fulton Financial Corporation,
Case Number: 1:14-cv-00490-RGA.

District of California,'" and then held that this negated prejudice, because "the discovery already conducted and attorney work product generated in litigating the instant action will not be wasted when opposing an 'identical case' in California." *Id*.  Similarly here, any work performed in the current litigation will be transferable directly to the new Pi-Net litigation, because the same patents are there asserted.

Finally, as to the fourth factor, there has not been any lack of diligence.  The parties had been directly communicating regarding a resolution of the case, and neither party would have been benefited by dismissing the present actions and filing a new suit pending those discussions. Again, the motions to dismiss are being filed before there had been a scheduling conference.

Therefore, Plaintiff respectfully requests that its motions to dismiss be granted.


Respectfully submitted,


DATED:        April 23, 2014                    /s/ *George Pazuniak*
                                               George Pazuniak, Esq. (Del. Bar No.  478)
                                               O'KELLY ERNST & BIELLI, LLC
                                               901 N. Market St., Suite 1000
                                               Wilmington, DE 19801
                                               Telephone: 302-478-4230
                                               E-mail: GP@del-iplaw.com

                                               *Attorney for Plaintiff*
                                               *Dr. Lakshmi Arunachalam*